# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Tamra Emmert, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Cooling & Winter, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Tamra Emmert, is a natural person who resides in Cherokee County, Georgia.

2. Defendant, Cooling & Winter, LLC, is a limited liability company formed under the laws of the State of Georgia and registered to do business in

1

Georgia. Defendant may be served with process via its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Cobb County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a law firm that devotes considerable resources to, and generates substantial revenue from, the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Midland Funding, LLC had placed negative information about an account on Plaintiff's credit report.

14. When Plaintiff spoke to Midland Funding, LLC about the debt, Midland Funding, LLC instructed Plaintiff to speak to Defendant about the account.

15. Plaintiff called Defendant on or about March 5, 2021 because Plaintiff was trying to get information about the account.

16. Plaintiff informed Defendant that she could not receive phone calls between 9:00 a.m. and 7:00 p.m. because she could not receive phone calls during work.

17. Plaintiff did not seek to limit Defendant's ability to contact her completely as she specifically told Defendant that she could receive phone calls between 7:00 p.m. and 9:00 p.m.

18. Defendant acknowledged Plaintiff's request.

19. However, Defendant called Plaintiff at 9:43 a.m. on May 10, 2021 during working hours in an attempt to collect a debt.

20. Upon information and belief, Defendant has continued to place calls to Plaintiff.

21. A debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer or at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a).

22. Plaintiff suffered anxiety, worry, and frustration and believed she was being unfairly targeted during hours which she was unable to receive phone calls.

23. Defendant's phone calls at inconvenient hours were attempts to harass and abuse Plaintiff.

24. Defendant's phone calls invaded Plaintiff's privacy and interfered with her ability to concentrate during working hours.

## INJURIES-IN-FACT

25. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

26. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

27. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

28. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

29. Defendants' acts and omissions caused particularized harm to the Plaintiff in that she suffered worry, annoyance, and anxiety by the collection agency attempting to collect payment from her during inconvenient times, and also that she took time to discuss this debt with counsel in response to the calls.

30. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

31. Plaintiff suffered an invasion of privacy as a result of Defendant's actions.

32. Plaintiff suffered an interference with her ability to work.

33. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

34. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)     Anxiety and worry caused by concern that Defendant was going to continue to make harassing phone calls to Plaintiff during inconvenient times. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, his her to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others; and

d.)     Invasion of privacy

## **CAUSE OF ACTION**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692** *et seq.*

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

36.     A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer or at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

7

37. Defendant had direct and actual knowledge that the Plaintiff could not receive calls during certain hours.

38. Defendant knew that Plaintiff had the right to request a cessation of calls but did not take the steps necessary to comply with Plaintiff's request.

39. Defendant's calls after receiving revocation from Plaintiff as described herein violated 15 U.S.C. § 1692c(a)(1) and (3).

### *Violations of 15 U.SC. § 1692d and subparts*

40. Defendants' phone calls to Plaintiff during hours which Defendant knew Plaintiff could not receive phone calls were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

41. Defendants' conduct violated 15 U.S.C. § 1692d.

42. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

43. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.)   Such other and further relief as may be just and proper.

Respectfully submitted this 19th day of July, 2021.

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324


*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No.: 614061
P.O. Box 451328
Atlanta, GA 31145
470-990-2568
chris.armor@armorlaw.com

*Plaintiff's Attorneys*